# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTRUCTION AND MASTER LABORERS' LOCAL UNION 11<br>5201 1st PL NE<br>Washington DC 20011<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ENVIRONMENTAL TRUST SOLUTIONS INC.,<br>17810 Meetinghouse Rd, Suite 333<br>Sandy Spring, MD 20910<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION AND COMPLAINT
## TO ENFORCE ARBITRATION AWARDS

Plaintiff Construction and Master Laborers' Local Union 11 alleges for its Complaint against Environmental Trust Solutions Inc. as follows:

1. This action is brought pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Construction and Master Laborers' Local Union 11 ("the Union") and Environmental Trust Solutions Inc. ("the Company") are parties to a collective bargaining agreement that provides for a grievance-and-arbitration process to resolve any issues that arise under the agreement.

3. An arbitrator issued two arbitration awards in accordance with the grievance-arbitration provisions of the collective bargaining agreement.

4. Pursuant to the LMRA, 29 U.S.C. § 185, and the FAA, 9 U.S.C. § 9, the Union is entitled to confirmation of the Arbitration Awards and entry of judgment in conformity with the awards.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Section 301 of the LMRA, 29 U.S.C. §185(a), and 28 U.S.C. § 1331.

6. Venue lies within this judicial district pursuant to Section 301 of the LMRA, 29 U.S.C. § 185(a) and 28 U.S.C. § 1391, because the agreement was entered into in this District and the arbitration hearing was conducted in this District.

## PARTIES

7. Plaintiff Union is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5), representing construction workers and others in the Washington metropolitan area.

8. Defendant Company is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2).  It engages in the abatement of hazardous substances and in demolition work.

## **CAUSE OF ACTION**

### **(Section 9 of the FAA and Section 301 of the LMRA)**

9. The Company's President, Bodger Johnson, visited the Union's office in February 2016 to request provision of qualified lead and asbestos workers to assist with a project in Lorton, Virginia ("the Laurel Hill Project")—on which the Company was a subcontractor for Merit Commercial Windows LLC—and for other future projects.

10. Assistant Union Business Manager Julio Palomo advised Johnson that provision of Union labor would be conditioned on the Company's execution of a collective bargaining agreement.

11. Palomo and Johnson reached an agreement in principle to cover the Lorton project and for future projects.

12. As they agreed, Palomo emailed the draft agreement to Johnson at an email address Johnson provided, for Johnson's review and signature.

13. Johnson signed the agreement and emailed a signed copy back to Palomo. He also requested that the Union make available eight licensed technicians to begin work for the Company the following Monday.

14. That agreement contained a grievance-arbitration clause to resolve disputes between the parties arising out of their agreement. The final step of the process was binding arbitration. A true and correct copy of the arbitration clause of the parties' agreement is attached as Exhibit A.

15. A dispute later arose between the parties as to whether the Company violated Article III of the parties' agreement by failing to use Union workers to perform work on the Laurel Hill Project and another project (the Bogdon Builders Project).

16. Pursuant to the parties' agreement, the Union filed a grievance alleging that the Company violated Article III of the agreement and requested a remedy.

17. The Company denied any violations of the agreement and, moreover, it denied that the parties had even entered into any agreement.

18. The parties agreed to resolve their dispute before Arbitrator Andrew Strongin. They agreed to have the Arbitrator resolve the question of whether they had entered into an agreement and, if so, whether the Company had violated the agreement.

19. The parties presented evidence and argument to the arbitrator in support of their respective positions.

20. Arbitrator Strongin issued a decision dated May 16, 2017. In that decision, he determined that the Union and the Company had indeed entered into an agreement. He further determined that the Company violated Article III of the agreement by failing to use Union workers on the Laurel Hill Project and the Bogdon Builders project. As a remedy for the violations, he ordered the Company to make whole the Union and affected workers. He retained jurisdiction to resolve disputes about the remedy. A true and correct copy of this decision is attached as Exhibit B.

21. The parties were unable to agree on the precise remedy to be afforded the Union and affected workers for the violations. They returned to Arbitrator Strongin to resolve the dispute. He issued a decision dated November 6, 2017, titled Award on

Remedy, which specifically ordered the Company to pay $20,232.00, with directions about how to distribute the money. A true and correct copy of this decision is attached as Exhibit C.

22. The Company is refusing to abide by Arbitrator Strongin's remedy award without any justification.

23. The Union and the employees that it represents are without any adequate remedy at law and are suffering irreparable injury because the Company has refused and is refusing to comply with its obligations under the agreement.

## RELIEF REQUESTED

The Union respectfully requests that the Court provide the following relief:

(1) Confirm and enforce the arbitration awards issued by Arbitrator Strongin;

(2) Enter judgment against the Company and in favor of the Union;

(3) Award the Union its attorneys' fees and costs associated with having to bring this action to enforce the Company's obligations; and

(4) Provide any other relief this Court deems proper.

Dated March 23, 2018                           Respectfully submitted,

                                              s/ Arlus J. Stephens
                                              Arlus J. Stephens (478938)
                                              astephens@murphypllc.com
                                              Murphy Anderson PLLC
                                              1401 K Street NW, Suite 300
                                              Washington, DC 20005
                                              Tel: (202) 223-2620
                                              Fax: (202) 296-9600

Brian J. Petruska
bpetruska@maliuna.org
General Counsel
LIUNA Mid-Atlantic Regional
Organizing Coalition
11951 Freedom Drive, Ste. 310
Reston, VA 20190
Tel.: (703) 860-4194
Fax: (703) 860-1865

Counsel for the Union